FILED

FEB 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

NICHOLAS MURRAY, individually and on behalf of all others similarly situated,

   Plaintiff - Appellant,

 v.

TIME INC.,

   Defendant - Appellee.

No. 12-17591

D.C. No. 3:12-cv-00431-JSW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 12, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

 Nicholas Murray filed a purported class action against Time Inc. under California's "Shine the Light" (STL) law, Cal. Civ. Code §§ 1798.83-1798.84. He

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeals the district court's dismissal of his claim for lack of statutory and Article III standing.

Section 1798.83(a) of the STL law requires businesses, which disclose customers' personal information to third parties for direct marketing purposes, to respond to a customer's request to learn the identity of the third parties and the types of personal information revealed to them. Cal. Civ. Code § 1798.83(a). To facilitate these customer requests, a business must adopt at least one of three methods to provide customers with necessary contact information for making requests. *See id.* § 1798.83(b)(1)(A) (notify customer service employees), (b)(1)(B) (update website), (b)(1)(C) (post physical notices at place of business). Alternatively, a business is excused from section § 1798.83(a)'s requirement to respond to customer requests, if it adopts a privacy policy which informs customers of their right to prevent disclosure of their personal information and provides a cost-free means to do so or evinces a policy of not disclosing customers' personal information to third parties for direct marketing purposes. *Id.* § 1798.83(c)(2).

The STL law provides three statutory remedies: (1) "Any customer injured by a violation of [the STL law] may institute a civil action to recover damages," *id.* § 1798.84(b); (2) "In addition, for a willful, intentional, or reckless violation of

Section 1798.83, a customer may recover a civil penalty. . . . ," *id.* § 1798.84(c); and (3) "Any business that violates, proposes to violate, or has violated this title may be enjoined," *id.* § 1798.84(e).

The California Court of Appeal recently interpreted these provisions and concluded that "a plaintiff must have suffered a statutory injury to have standing to pursue a cause of action under the STL, regardless of the remedies he or she seeks." *Boorstein v. CBS Interactive, Inc.*, 165 Cal. Rptr. 3d 669, 675 (Cal. Ct. App. 2013). To plead a sufficient statutory injury, "a plaintiff must have made, or attempted to make, a disclosure request in order to have standing under the STL." *Id.* at 673.

This "court is obligated to follow the decisions of [a] state's intermediate appellate courts" when "there is no convincing evidence that the state supreme court would decide differently." *Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (internal quotation marks omitted). Because Murray has failed to allege that he submitted a request to Hearst under the STL law, or that he would have, had accurate contact information been provided, he lacks standing to sue under the STL law regardless of the remedy he seeks. Further, *Boorstein* negates the district court's *arguendo* assumption that standing to sue for injunctive relief under the STL law could exist absent actual injury. 165 Cal. Rptr. 3d at 675.

Therefore, we need not address the district court's decision that Article III standing was also lacking.

The district court's dismissal is **AFFIRMED**.[1]

---

[1] Murray's motion to stay proceedings pending review of *Boorstein v. CBS Interactive*, 165 Cal. Rptr. 3d 669, by the California Supreme Court is **DENIED**. Boorstein has only requested review by the California Supreme Court.